UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUDI SMITH, | No. C-12-0155 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | **(Docket No. 20)** |

On May 30, 2013, this Court granted the stipulation of the parties seeking a sentence six remand of this Social Security action and entry of judgment in favor of Plaintiff. Docket No. 18. On July 1, 2013, Plaintiff filed a motion for $2,896.88 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and $6,468.87 in fees under 42 U.S.C. § 406(b). Docket No. 20. The parties subsequently reached an agreement concerning the fees owed under the EAJA (but not 42 U.S.C. § 406(b)), and the Court granted their stipulation on this issue. Docket No. 22.

On August 5, 2013, the government filed a response to the request for fees under 42 U.S.C. § 406(b), indicating that it was unable to provide a substantive response to Plaintiff's request for § 406(b) fees because Plaintiff's motion briefed only the issue of fees under the EAJA, and did not address whether the request for § 406(b) fees was reasonable. Docket No. 25. The government additionally noted that Plaintiff had failed to attach any contingency fee agreement, and failed to

1  provide any calculations showing the basis for the § 406(b) fee request.[1]  Further, the government
2  noted that it was not clear that Plaintiff's counsel had served the motion for fees on his client.
3        Plaintiff's counsel subsequently filed a proof of service indicating that he had served his
4  client with a copy of the motion on August 19, 2013 (a month and a half after the motion was
5  initially filed), and a copy of the contingency fee agreement between Plaintiff and her counsel.
6  Docket Nos. 26, 27.  He has not otherwise filed a reply to the government's response, nor has he
7  filed anything explaining why the requested fees are reasonable.  *See* 42 U.S.C. § 406(b)(1)(A)
8  ("Whenever a court renders a judgment favorable to a claimant under this subchapter who was
9  represented before the court by an attorney, the court may determine and allow as part of its
10  judgment a *reasonable* fee for such representation, not in excess of 25 percent of the total of the
11  past-due benefits to which the claimant is entitled by reason of such judgment") (emphasis added).
12        Before awarding fees under § 406(b), the Court must consider not just the amount of fees
13  provided in any contingency fee agreement between Plaintiff and her counsel, but also whether those
14  fees are reasonable in light of such factors as the result obtained and the quality of representation.
15  *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace
16  contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review
17  for reasonableness fees yielded by those agreements.").  Since Plaintiff has not properly briefed the
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///

---

[1] Though it is true that Plaintiff nowhere explicitly provides the calculations that form the basis of the § 406(b) fee request, it appears that he is requesting 25% of the amount of back benefits identified by the March 13, 2013 ALJ order that formed the basis for the remand in this case.  *See* Docket No. 20-3 at 4.

question of whether his fee request is reasonable, a burden Plaintiff undertook in filing this motion, and has failed to respond to the government's objections to the lack of briefing, that request is **DENIED** with prejudice.

This order disposes of Docket No. 20.

IT IS SO ORDERED.

Dated: August 29, 2013

_____
EDWARD M. CHEN
United States District Judge